UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ulises Ayuso

    v.                                  Civil No. 16-cv-317-PB

Michael Zenk, Warden,
New Hampshire State Prison, et al.[1]

**REPORT AND RECOMMENDATION**

Plaintiff, Ulises Ayuso, a prisoner proceeding pro se, has filed a complaint (Doc. No. 1) asserting violations of his federal constitutional and statutory rights and seeking preliminary injunctive relief.[2] The complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

---

[1] The defendants named in this action are: New Hampshire State Prison ("NHSP") Warden Michael Zenk; NHSP Corrections Officer ("CO") Flynn, whose first name is unknown; NHSP Capt. Michael Edmark; NHSP CO Bruce Sauerheber; and NHSP Chaplain Jim Daly.

[2] After filing this action, plaintiff was transferred to the Merrimack County Department of Corrections, but did not notify the court of his change of address. Plaintiff is advised that he "is under a continuing duty to notify the clerk's office of any change of address and telephone number," and that if he fails to do so in the future, he may not be entitled to notice. LR 83.6(e).

**Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Background**

On January 11, 2016, Ayuso was transferred from the Massachusetts Department of Corrections to the New Hampshire State Prison ("NHSP").  Ayuso's personal property was transferred with him.  Among other things, Ayuso's property included several religious items, specifically: a kufi, a prayer rug, and religious reading and study materials.

Between January 24, 2016, and May 30, 3016, Ayuso made multiple requests from various NHSP officials seeking the return of his property.  Ayuso was told several times during those months that he would receive his property, which was being held

in the NHSP property room, when and if time allowed.

Ayuso asserts that he was not able to fully practice his Islamic faith because he was denied property he needed for prayer and study. Ayuso states that due to the withholding of his property, he was not able to observe the religious holiday of Ramadan.

## Discussion

### I. Claims Asserting Violations of Right to Religious Practice

#### A. RLUIPA

Ayuso asserts a violation of his right to freely practice his religion under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). RLUIPA does not permit actions for damages against state officials in their official capacities, as those defendants are protected from such claims by sovereign immunity. See Sossamon v. Texas, 563 U.S. 277, 293 (2011). Further, although there is no binding precedent in the First Circuit, this court has aligned itself with the majority of courts that have addressed the issue, in holding that RLUIPA does not authorize claims for damages asserted against defendants in their individual capacities. See Stile v. U.S. Marshals Serv., No. 15-cv-494-SM, 2016 U.S. Dist. LEXIS 83750,

3

at *6, 2016 WL 3571423, at *2 (D.N.H. May 9, 2016), R&R adopted, No. 15-cv-494-SM, 2016 U.S. Dist. LEXIS 83747, 2016 WL 3582027 (D.N.H. June 27, 2016); see also Howard v. Skolnik, 599 F. App'x 323, 323 (9th Cir. 2015); Cryer v. Spencer, 934 F. Supp. 2d 323, 333 (D. Mass. 2013) (collecting Third, Fourth, Fifth, Seventh, Tenth, and Eleventh Circuit cases). Accordingly, Ayuso cannot assert a damages claim against NHSP officials for the violation of his rights under RLUIPA.

To the extent Ayuso asserts claims seeking injunctive relief for the alleged violations of RLUIPA, his transfer to the Merrimack County Department of Corrections renders such RLUIPA claims moot. Accordingly, the district judge should dismiss Ayuso's RLUIPA claims.

    B.   First Amendment

        1.   Individual Capacity Claims for Damages

Ayuso has stated sufficient facts to assert claims alleging that defendants NHSP Corrections Officer ("CO") Bruce Sauerheber and NHSP CO Flynn violated his First Amendment right to freely exercise his religion. In an order issued simultaneously with this Report and Recommendation, the court directs service of the complaint as to those defendants, in regard to the First Amendment claim for damages, asserted against them in their

individual capacities, under 42 U.S.C. § 1983.

    2.   <u>Official Capacity Claims</u>

The district judge should dismiss Ayuso's claims for damages for violations of his rights, asserted against the NHSP officers in their official capacities, as such official capacity claims are barred by the Eleventh Amendment.  <u>See</u> <u>Davidson v. Howe</u>, 749 F.3d 21, 27-28 (1st Cir. 2014); <u>Coggeshall v. Mass. Bd. of Reg. of Psychologists</u>, 604 F.3d 658, 662 (1st Cir. 2010).  To the extent Ayuso asserts official capacity claims for injunctive relief against those defendants, his transfer to the Merrimack County Department of Corrections renders such claims moot.  Accordingly, the district judge should dismiss all of Ayuso's claims seeking relief under 42 U.S.C. § 1983 from any defendant in his or her official capacity, based on the alleged violations of Ayuso's First Amendment rights.

**II.**  **<u>Fourteenth Amendment Property Claim</u>**

Ayuso asserts that defendants' failure to provide him with his religious items amounted to a deprivation of property without due process, in violation of the Fourteenth Amendment. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). New Hampshire provides an adequate postdeprivation remedy pursuant to N.H. Rev. Stat. Ann. §§ 541-B:9 and 541-B:14 (providing a post-deprivation means of recouping property loss attributable to the State). Because an adequate state remedy is available to Ayuso, he cannot state a Fourteenth Amendment due process violation arising from the loss of personal property, and the district judge should dismiss Ayuso's Fourteenth Amendment due process claim.

### III. Eighth Amendment Claim

Ayuso asserts that the deprivation of his religious property violated his Eighth Amendment rights. Ayuso's assertions do not demonstrate that he was subjected to cruel and unusual punishment. The district judge should therefore dismiss Ayuso's Eighth Amendment claims.

### IV. Claims against Chaplain Jim Daly and Capt. Michael Edmark

On May 30, 2016, Ayuso sent an Inmate Request Slip to Chaplain Daly requesting that either Daly or an Imam provide Ayuso with a prayer rug and a Qur'an. On May 31, 2016, Daly responded, in writing, "I will ask him for you." Ayuso alleges that on February 18, 2016, NHSP Capt. Michael Edmark responded

6

to Ayuso's inquiry about his property in writing, stating, "I am not the Property Captain. I am not in charge of property."

The allegations against Daly and Edmark are insufficient to demonstrate that either of those individuals had any role in denying Ayuso his religious property. Accordingly, the district judge should direct that any claims asserted against Daly and Edmark be dismissed, and that Daly and Edmark be dropped from this action.

**V.    Claims against Warden Michael Zenk**

Neither the narrative in Ayuso's complaint nor the exhibits to the complaint mention NHSP Warden Michael Zenk, or indicate that he had any role in depriving Ayuso of his religious property. To the extent Ayuso has sued Zenk in his capacity as a supervisor of other defendants, he cannot do so. In an action brought pursuant to 42 U.S.C. § 1983, supervisory prison officials are not liable for the acts of their subordinates, based solely on their supervisory authority over, or awareness of, those acts. See Soto-Torres v. Fraticelli, 654 F.3d 153, 159 (1st Cir. 2011); see also Iqbal, 556 U.S. at 676. Accordingly, the district judge should dismiss the claims asserted against Zenk, and direct that Zenk be dropped from this action.

### VI.  Request for Preliminary Injunctive Relief

In the body of his complaint, Ayuso requests that this court issue a preliminary injunction directing the defendants to give Ayuso access to his religious property.  As noted above, Ayuso is currently incarcerated at the Merrimack County Department of Corrections, and not at the NHSP.  Nothing in the record before the court indicates that Ayuso is likely to be transferred back to the NHSP in the near future, or that, if he is returned to the NHSP, he will again be denied access to his religious property.  Accordingly, the request for a preliminary injunction should be denied as moot.

### Conclusion

For the foregoing reasons, the district judge should dismiss all of the claims asserted in the complaint, except the First Amendment claim for damages against Sauerheber and Flynn in their individual capacities, and the district judge should drop all of the defendants other than Sauerheber and Flynn from this action.  Ayuso's claims for injunctive relief and his request for a preliminary injunction should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 31, 2016

cc:   Ulises Ayuso, pro se